# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 23, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LEONARD CANTLEY,**
**Claimant Below, Petitioner**

**vs.)   No. 17-0867** (BOR Appeal No. 2051938)
                          (Claim No. 2015016158)

**BECKLEY STEEL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Leonard Cantley, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Beckley Steel, Inc., by Daniel G. Murdock, its attorney, filed a timely response.

The issue on appeal is the proper period of temporary total disability benefits to be awarded to Mr. Cantley. On June 10, 2016, the claims administrator denied a request for temporary total disability benefits from January 20, 2015, through May 9, 2016. The Office of Judges reversed the decision in its March 13, 2017, Order, and granted temporary total disability benefits from January 20, 2015, through May 9, 2016.[1] The Order was modified by the Board of Review on September 1, 2017, to grant benefits from May 9, 2016, through June 16, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cantley, a truck loader, was injured in the course of his employment on November 5, 2014, while lifting a piece of iron. The employer's report of injury indicates Mr. Cantley was

---

[1] Based on a reading of the decision in its entirety, the Office of Judges seems to have mistakenly put the start date of temporary total disability benefits as January 20, 2016, when it intended the date to be January 20, 2015.

1

injured on November 5, 2014, and reported the injury to his supervisor, Robert Palmer. The injury was listed as back sprain/strain. The employee's and physician's report of injury indicates the claimant was lifting a piece of iron when he felt something pop in his back. He was diagnosed with a lumbar sprain and released to return to modified duty on November 10, 2014, with restrictions in bending/stooping, lifting, kneeling, walking, and standing.

Prior to the compensable injury, Mr. Cantley had a history of lower back injuries. A lumbar x-ray taken on March 3, 2010, showed spondylosis at multiple levels including T12-L6 with loss of disc space height at every level. There were multiple interbody disc herniations and it was noted that the claimant may have Scheuermann's disease. There was also facet arthropathy at L4-5 and L5-S1. A November 13, 2010, lumbar x-ray was compared to the prior x-ray. The impression was osteoarthritic changes of the lumbar articular facet joint, diffuse narrowing of lumbar intervertebral disc spaces, and no evidence of acute fractures. Lumbar x-rays taken on May 19, 2013, showed chronic degenerative disc disease.

Mr. Cantley testified in a deposition on June 10, 2015, that on the date of injury, he picked up a piece of iron and felt a pop in his back. He finished his shift out of fear of losing his job. He attempted to work the following day but quickly realized he was unable to perform his duties. He filed an accident report and sought treatment at MedExpress. Mr. Cantley stated that he had x-rays completed but authorization for an MRI was denied. He stated that he then went to Raleigh General Hospital where a CT revealed bulging discs. Mr. Cantley admitted that he had previously injured his back at work and was off for four days, but asserted that the current injury felt different in that he can hardly pick his legs up now. He stated that prior to the November 5, 2014, injury, he was not having any back problems and was on no medication. He was not under a physician's care at the time of the deposition.

On January 13, 2016, ChuanFang Jin, M.D., completed a file review report in which she opined that there was no persuasive medical evidence to support the assumption that there was a work-related injury to the lumbar spine. She asserted that Mr. Cantley's clinical symptoms are part of the natural history of degenerative lumbar disc disease, as shown on a March 3, 2010, x-ray. Dr. Jin opined that Mr. Cantley's treatment history since 2001 shows chronic degenerative disc disease gradually worsening over time. She found no diagnosis for a workers' compensation claim since the symptoms are difficult to differentiate from a mechanical strain type of injury. She opined that if an injury did occur, it would have been a sprain/strain type of injury, which heals in a few weeks or months. Dr. Jin stated that Mr. Cantley's current symptoms are unlikely from a sprain and are likely due to chronic degenerative disc disease, which commonly causes chronic symptoms. She recommended no additional medical treatment.

A treatment note from MedExpress dated May 9, 2016, indicates Mr. Cantley was seen for follow-up for his compensable injury. The assessment was lumbar sprain. Mr. Cantley was taken off of work until after an MRI and appointment with Rajesh Patel, M.D. On June 16, 2016, Paul Bachwitt, M.D., performed an independent medical evaluation and found that Mr. Cantley had reached maximum medical improvement. He found no clinical findings of a herniated disc on his examination. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Bachwitt found 5% lumbar spine impairment due to

2

the compensable injury. He stated that it would not be unreasonable to perform a lumbar MRI, but he doubted it would show anything. Dr. Bachwitt further opined that a neurosurgical referral was unnecessary and that Mr. Cantley's current complaints were related to his multiple prior back injuries and preexisting degenerative changes.

A lumbar MRI performed on August 30, 2016, showed disc herniations and degeneration at L5-S1, L2-3, L3-4, and L4-5. It also showed osteoarthritic vertebral body lipping and facet hyperostosis. Mr. Cantley stated in a September 14, 2016, affidavit that he sought treatment at MedExpress until he was forced to discontinue treatment because the claim was rejected. Once it was held compensable, he resumed treatment.

On June 10, 2016, the claims administrator denied a request for temporary total disability benefits from January 20, 2015, through May 9, 2016. On March 13, 2017, the Office of Judges reversed the decision and granted temporary total disability benefits from January 20, 2015, through June 16, 2016. It found that the evidence of record fails to show that Mr. Cantley was ever released to return to work after January 9, 2015. Though there are no treatment notes between that date and May 9, 2015, Mr. Cantley explained that he was forced to discontinue treatment because the claim was initially rejected. He resumed treatment days after the claim was held compensable. On May 9, 2016, a Workers' Compensation Duty Form completed by MedExpress indicated Mr. Cantley was unable to work until an MRI and an appointment with Dr. Patel were completed. He was then found to be at maximum medical improvement by Dr. Bachwitt on June 16, 2016. The Office of Judges therefore concluded that Mr. Cantley was entitled to temporary total disability benefits from January 20, 2015, through June 16, 2016. The Office of Judges stated that its decision was based on the fact that there is no credible, reliable evidence that Mr. Cantley reached maximum medical improvement, was released to return to work, or returned to work before June 16, 2016.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and modified the Office of Judges Order to grant temporary total disability benefits from May 9, 2016, through June 16, 2016. The Board of Review found that Mr. Cantley requested temporary total disability benefits from January 20, 2015, through May 9, 2016, and the Office of Judges awarded benefits for that time period. However, the Board of Review found that West Virginia Code § 23-4-1c(c) (2009) provides that temporary total disability benefits are to be awarded upon receipt of medical evidence justifying the payment of such benefits. In this case, the Board of Review found no medical evidence to support the Office of Judges' decision as there are no treatment records between January 9, 2015, and May 9, 2016. On May 9, 2016, Mr. Cantley was treated at MedExpress and taken off of work until he could receive an MRI and have an appointment with Dr. Patel. On June 16, 2016, he was found to be at maximum medical improvement. The Board of Review therefore concluded that Mr. Cantley was temporarily and totally disabled from May 9, 2016, through June 16, 2016.

After review, we agree with the reasoning and conclusions of the Board of Review. It is the responsibility of the claimant to show by a preponderance of the evidence that he is entitled to temporary total disability benefits. In this case, Mr. Cantley failed to provide sufficient

evidence to show that he was temporarily and totally disabled for the period from January 20, 2015, through May 9, 2016.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 23, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4